IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| MARK LYNN SHRADER | § | |
| VS. | § | CIVIL ACTION NO. 5:19cv101 |
| DIRECTOR, TDCJ-CID | § | |

ORDER

Petitioner Mark Lynn Shrader, an inmate confined at the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner complains that he has been denied due process regarding the prison grievance procedure. Petitioner alleges that the responses of prison officials to his prison grievances were biased and prejudicial. Additionally, petitioner claims that B. Hayes and M. Blalock intended to harm him by responding to his grievances and ruling in favor of the disciplinary hearing officer.

Federal Rule of Civil Procedure 21 allows the court to sever claims originally brought in the same action. The rule provides that "[t]he court may . . . sever any claim against a party." FED. R. CIV. P. 21. The decision whether to sever is discretionary with the court. *Hammons v. Adams*, 786 F.2d 1253 (5th Cir. 1986).

The writ of habeas corpus is the appropriate federal remedy for a prisoner challenging the fact or duration of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A civil rights action, on the other hand, is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement. *See Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987). Petitioner's complaints regarding the alleged denial of due process in the prison grievance procedure challenge the conditions of his confinement not the fact or duration of his confinement. Accordingly, such claims must be brought in a civil rights action instead of a petition for writ of habeas corpus.

Petitioner's claims have been recommended for dismissal without prejudice to his ability to file an appropriate civil rights action.[1] However, given the dates of the incidents which form the basis of his claims, petitioner will have only a very limited amount of time to file his claims within the two year statute of limitations period applicable to civil rights actions. Therefore, after reviewing all relevant factors, it is the opinion of the undersigned that petitioner's claims concerning the conditions of his confinement should be severed from this action into a separate civil rights action. It is therefore

**ORDERED** that all of petitioner's claims challenging the conditions of his confinement are **SEVERED** from this action and shall proceed as a separate civil rights action. The resulting action should be assigned according to the regular practice for allotment of newly-filed civil actions.

**SIGNED this 27th day of May, 2020.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

---

[1] As observed in the Report submitted in this action, allowing petitioner to prosecute this action based on the payment of the $5.00 filing fee applicable to petitions for writ of habeas corpus instead of the $400.00 filing fee applicable to civil actions would allow petitioner to circumvent the filing fee requirements of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915.