**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| MARK LYNN SHRADER, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO.  5:19-CV-00101-RWS-CMC |
| v. | § | |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## ORDER

Petitioner Mark Lynn Shrader, an inmate confined at the Telford Unit of the Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The Court referred the matter to the Honorable Caroline M. Craven, who issued a report and recommendation (Docket No. 9) that recommended denial without prejudice to Shrader's ability to pursue his claims by filing an appropriate civil action.  Shrader objects to the report.  Docket No. 11.

Shrader claimed that he had been denied due process regarding the prison grievance procedure.  Docket No. 1.  Although Shrader had two disciplinary convictions overturned, restoring lost good time and time-earning status, he complained that he had served a term of administrative segregation and 75 days of commissary and recreation restriction.  Shrader further asserts that Wardens B. Hayes and M. Blalock are criminally liable because they intended to harm him by responding to his grievances and ruling in favor of the disciplinary hearing officer.

The Magistrate Judge recommended that Shrader's petition be dismissed because it was not the proper vehicle for review and that Shrader may pursue his claims in a civil rights action. Docket No. 9.  The Magistrate Judge noted that a petition for habeas corpus allows a petitioner to

challenge the *fact* of his confinement, while challenges to *conditions* of confinement and prison procedures are appropriately brought under 42 U.S.C. § 1983.  Docket No. 9 at 2.  Shrader objects. He focuses largely on the evidentiary bases for his claims but also argues that his petition "qualifies as a 1983 civil rights action."  Docket No. 11 at 2.  Following Shrader's objections, and recognizing that he would have a limited amount of time to file a civil rights action within the statutory of limitations period, the Magistrate Judge severed Shrader's claims concerning the conditions of his confinement into a separate civil action.  Docket No. 12.

After careful review, Shrader's objections should be overruled.  Habeas relief is not the proper vehicle for Shrader's complaint.  Federal habeas relief is available only where the petitioner demonstrates that he is in custody in violation of his constitutional or other federal rights.  *See* 28 U.S.C. § 2241.  Shrader admits that the good conduct time lost during prison disciplinary proceedings was restored as a result of his grievances.  Therefore, Shrader does not contest the fact or duration of his confinement as required for a habeas petition..

The Magistrate Judge has already severed Shrader's claims concerning the conditions of his confinement into a separate civil action.  As to Shrader's claim that Hayes and Blalock are criminally liable, a prisoner does not have a constitutional right to have someone prosecuted. *Oliver v. Collins*, 904 F.2d 978, 281 (5th Cir. 1990).  Accordingly, Shrader's remaining claims do not present grounds warranting relief pursuant to federal habeas review.

Finally, Shrader is not entitled to the issuance of a certificate of appealability.  An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b).  The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal

constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982).  In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483–84.  Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000).

Here, Shrader has not that shown that any of the issues raised by his claims are subject to debate among jurists of reason.  The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position.  In addition, the questions presented are not worthy of encouragement to proceed further.  Shrader has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

For the reasons described above, Shrader's objections (Docket No. 11) are **OVERRULED**, and the Magistrate Judge's recommendation (Docket No. 9) is **ADOPTED** as the opinion of this Court.  It is therefore

**ORDERED** that Shrader's petition for a writ of habeas corpus is **DENIED.**

**So ORDERED and SIGNED this 9th day of June, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE